UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ALI RAJA,** | Civ. No. 2:11-cv-01755 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Ali Raja brings this action pursuant to 42 U.S.C. § 405(g), seeking review of a final determination by the Commissioner of Social Security (the "Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB"). For the reasons that follow, the Commissioner's decision is **AFFIRMED**.

I. LEGAL STANDARDS

A. The Five-Step Sequential Analysis

Under the authority of the Social Security Act, the Social Security Administration has established a five-step evaluation process for determining whether a claimant is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920. In the first step, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the onset date of the alleged disability. *Id.* §§ 404.1520(b), 416.920(b). If not, the Commissioner moves to step two to determine if the claimant's alleged impairment, or combination of impairments, is "severe." *Id.* §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment, the Commissioner inquires in step three as to whether the impairment meets or equals the criteria of any impairment found in the Listing of Impairments. 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A. If so, the claimant is automatically eligible to receive benefits (and the analysis ends); if not, the Commissioner moves on to step four. *Id.* §§ 404.1520(d), 416.920(d). In the fourth step, the Commissioner decides whether, despite any severe impairment, the claimant retains the Residual Functional Capacity to perform past relevant work. *Id.* §§ 404.1520(e)-(f), 416.920(e)-(f). The claimant bears the burden of proof at each of these first four steps.

1

At step five, the burden shifts to the Social Security Administration to demonstrate that the claimant is capable of performing other jobs that exist in significant numbers in the national economy in light of the claimant's age, education, work experience and RFC.  20 C.F.R. §§ 404.1520(g), 416.920(g); *see Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91-92 (3d Cir. 2007) (citations omitted).

### B.  Standard of Review

For the purpose of this appeal, the court conducts a plenary review of the legal issues.  *See Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).  The factual findings of the ALJ are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings."  *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000).  Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla."  *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  When substantial evidence exists to support the ALJ's factual findings, this Court must abide by the ALJ's determinations.  *See id.* (citing 42 U.S.C. § 405(g)).

## II.   BACKGROUND

On April 23, 2007, Plaintiff filed an application for a period of disability and DIB.  The filings alleged that Plaintiff had a disability with an onset date of February 5, 2007, due to conditions including cervical degenerative disc disease, lumbar anterolisthesis, and spinal stenosis.  Plaintiff's claim was denied initially on July 27, 2007, and upon reconsideration on February 21, 2008.  On July 7, 2009, Plaintiff testified at a hearing before Administrative Law Judge ("ALJ") Richard West.  The ALJ held a supplemental hearing on January 5, 2010 to allow a vocational expert to offer testimony.  On January 20, 2010, the ALJ issued a decision finding that Plaintiff was not disabled.  The ALJ recognized that Plaintiff had several severe impairments, but found that Plaintiff's impairments did not meet or equal the impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A.  The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with certain limitations, such as the ability to sit and stand at will.

Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council denied on January 20, 2011.  Plaintiff now brings the instant appeal, challenging the ALJ's determination that he was "not disabled" from February 5, 2007 through January 20, 2010.[1]

---

[1] After filing the instant appeal, Plaintiff filed a subsequent claim for disability benefits for a period beginning on January 21, 2010 (the earliest date that Plaintiff could allege, given the earlier decision by ALJ West).  On September 19, 2011, ALJ Dennis O'Leary granted Plaintiff's claim for disability benefits for the period beginning on January 21, 2010.

### III.   DISCUSSION

Plaintiff argues that the ALJ committed two errors: (1) the ALJ failed to fully develop the record; and (2) the ALJ erred in discounting the opinion of Plaintiff's treating physician.  Plaintiff also raises various issues regarding exhibits.  Each of these issues will be addressed in turn.

#### A.  Whether the ALJ Failed to Develop the Record

Plaintiff asserts that the ALJ failed to fully develop the record because the ALJ did not elicit testimony from Plaintiff about (1) Plaintiff's ability to sit for a total of six hours, and (2) Plaintiff's ability to use his hands.[2]  This argument lacks merit.

The burden lies with the claimant to develop the record regarding his disability because the claimant is in a better position to provide information about his own medical condition.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987); *see also* 20 C.F.R. §§ 404.1512(a) and 416.912(a).  The ALJ has the duty to obtain additional evidence only if the evidence before the Commissioner is insufficient to determine whether a claimant is disabled.[3]  20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3); *see also Money v. Barnhart*, 91 Fed. Appx. 210, 216 (3d Cir. 2004).  In this case, the record contained over one hundred pages of Plaintiff's medical records, including hospital records and testing results; the opinions of the consultative examiner, the state agency reviewing physician, and Plaintiff's treating physician; and the opinion of a vocational expert.  These records provided the ALJ with ample evidence on which to make a determination that Plaintiff was not disabled.  Further, these records extensively discuss Plaintiff's ability to sit and use his hands.  *See, e.g.*, R. 27-31, 41, 44-47, 49-50, 120-21, 127, 130, 132-33, 138, 161, 165, 185-86, 188, 191, 193, 199, 208, 213, 217, 219-20, 222, 289.  As such, the ALJ had no obligation to obtain any additional evidence.

#### B.  Whether the ALJ Erred in Discounting the Opinion of Plaintiff's Treating Physician

Plaintiff asserts that the ALJ erred by discounting the opinion of Plaintiff's treating physician, Dr. Mohamed Kawam, in making his RFC determination.  Specifically, Plaintiff argues that the ALJ's RFC conclusion is unsupportable in light of Dr. Kawam's opinion that: (1) Plaintiff was not able to sit for six or more hours per day, and that (2) Plaintiff was not able to stand and/or walk for more than two hours a day.  The Court disagrees.

---

[2] Plaintiff also argues that the ALJ failed to elicit testimony regarding his tolerance for standing and his level of pain, but this is directly contradicted by the same page of Plaintiff's brief, which states that "Claimant testified that his whole body hurts," and that "Claimant testified that he can stand for fifteen to twenty minutes at a time."  Pl.'s Br. at 3.

[3] The ALJ has a duty to "assume a more active role" in developing the record if the claimant is unrepresented.  *Smith v. Harris*, 644 F.2d 985, 989 (3d Cir. 1981).  But in this case, Plaintiff was represented by counsel at both hearings.  *See* R. 25-52.

An ALJ is free to choose one medical opinion over another where the ALJ considers all of the evidence and gives some reason for discounting the evidence he rejects. *See Diaz v. Commissioner of Soc. Sec.*, 577 F.3d 500, 505-06 (3d Cir. 2009); *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) ("An ALJ . . . may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided."). In this case, the ALJ detailed his reasons for discounting Dr. Kawam's opinion. He explained that Dr. Kawam's own notes did not support Dr. Kawam's conclusion that Plaintiff was disabled:[4] his findings that Plaintiff could lift five pounds, could stand or walk for up to two hours a day, and could sit less than six hours were only slightly more conservative that the ALJ's RFC findings. R. 17. The ALJ also found that Dr. Kawam's conclusion was inconsistent with Dr. Kawam's own range of motion testing. *Id.* Finally, the ALJ noted that Dr. Kawam's conclusion was inconsistent with the other evidence in the case, which included: (1) the opinion of Dr. Marc Weber, the consultative examiner (R. 186-89); (2) the opinion of Dr. Joseph Udomsaph, the state agency reviewing physician (R. 190-97); (3) the records from St. Joseph's Regional Medical Center where Plaintiff was treated after a October 2009 motor vehicle accident (R. 291-97); and (4) MRIs taken in December 2009 (R. 299-302). Accordingly, the ALJ did not err by discounting Dr. Kawam's opinion.

### C. Issues Arising from Exhibits

Plaintiff raises two issues with respect to the exhibits.

First, Plaintiff argues that the ALJ erred by failing to comply with provisions of the Hearing Appeals and Litigation Manual ("HALLEX").[5] Specifically, Plaintiff argues that the ALJ did not attach an appropriately marked Exhibit List to his decision, in violation of HALLEX I-2-1-20. Pl.'s Br. at 4. This argument is meritless. The Third Circuit has clearly stated that "HALLEX provisions . . . lack the force of law and create no judicially enforceable rights." *Bordes v. Comm'r of Soc. Sec.*, 235 F. App'x 853, 859 (3d Cir. 2007). "Since the manual is not binding, allegations of noncompliance should not be reviewed." *Cartagena v. Comm'r of Soc. Sec.*, No. 2:10-cv-05712, 2012 U.S. Dist. LEXIS 49779, at *15 (D.N.J. Apr. 9, 2012).

Second, Plaintiff urges the Court to consider two new medical reports attached as exhibits to his brief: (1) an August 11, 2011 report from Dr. Marc Ruoff, Plaintiff's orthopedist; and (2) an August 1, 2011 report from Dr. Ross Nochimson, Plaintiff's pain management specialist. However, it is well-established that a district court may not consider evidence that was not before the ALJ. *Morrison v. Astrue*, 355 F. App'x 599, 602 (3d Cir. 2009) ("Evidence that was not before the ALJ cannot be used to argue that

---

[4] Dr. Kawam's conclusion that Plaintiff was "disabled" is entitled to no special significance, and is an opinion reserved to the Commissioner. *See* 20 C.F.R. § 404.1527; *Wright v. Sullivan*, 900 F.2d 675, 683 (3d Cir. 1990).

[5] "HALLEX" is an internal manual for Social Security Office of Hearings and Appeals staff that conveys guiding principles, procedural guidance, and information. *See* HALLEX I-1-001.

the ALJ's decision was not supported by substantial evidence."). As such, it would be inappropriate to consider these supplemental reports.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED**. An appropriate order follows.

          /s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 12, 2012**